**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JASON CHARLES KOPP,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>THOMAS A., et al.,<br><br>　　　　Defendants. | No. 2:22-CV-0282-DMC-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for the appointment of counsel, ECF No. 15. For the reasons set forth below, this motion will be denied.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim.  The facts he alleged and the issues he raised were not of substantial complexity.  The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court finds that Plaintiff has not demonstrated exceptional circumstances. He seeks appointment under the mistaken assumption that this is a criminal matter, and he is entitled to a public defender. That is incorrect. Plaintiff has initiated a civil matter wherein appointment of counsel, unlike in the criminal context, is not constitutionally mandated. See U.S. Const. amend. VI. Plaintiff's remaining reasons for appointment of counsel are his indigence, lack of legal experience, and limited access to the law library. However, the Court is routinely faced with these circumstances in the context of prisoner litigation and therefore finds that they are not exceptional. Moreover, the Court is unable to determine whether Plaintiff is likely to succeed on the merits of his claim, as he only recently filed his first amended complaint, and the Court has not yet had an opportunity to screen it.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for the appointment of counsel, ECF No. 15, is denied.

Dated:  July 25, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

2