1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    JASON CHARLES KOPP,                         No.  2:22-CV-0282-TLN-DMC-P

12                    Plaintiff,

13          v.                                     FINDINGS AND RECOMMENDATIONS

14    THOMAS A., et al.,

15                    Defendants.

16

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18    42 U.S.C. § 1983.  Pending before the Court is Plaintiff's first amended complaint, ECF No. 16.

19          The Court is required to screen complaints brought by prisoners seeking relief

20    against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

21    § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22    malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23    from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24    the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

25    statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This

26    means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d

27    1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the

28    complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

                                                   1

1    rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege

2    with at least some degree of particularity overt acts by specific defendants which support the

3    claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

4    impossible for the Court to conduct the screening required by law when the allegations are vague

5    and conclusory.

6

7                                     **I.  PLAINTIFF'S ALLEGATIONS**

8               Plaintiff brings suit against four defendants, (1) Thomas A., an officer at the Yuba

9    County jail, (2) Robert Romero, a Yuba County public defender, (3) James Perin, an investigator

10   for the Yuba County District Attorney's Office, and (4) Stephanie I. Johnson, Chief Investigator

11   for the Yuba County District Attorney's Office.  ECF No. 16, 2.

12                     Claims Against Defendant Thomas A.

13              Plaintiff states that Defendant Thomas A. was an officer at the Yuba County jail

14   when Plaintiff was taken into custody.  Id. at 3.  According to Plaintiff, he arrived at the jail with

15   a noticeably broken and swollen hand, and a head injury that left him confused and unable to

16   explain how he arrived at the jail.  Id.  Despite this, Defendant Thomas A. did not offer Plaintiff

17   any medical evaluation or attention.  Id.  This resulted in days of intermittent loss of

18   consciousness, and confusion.  Id. at addendum, pg. 9.

19              Plaintiff also claims that Thomas A. interviewed him while in the Yuba County

20   jail.  Id. at 4. During the interview, Defendant Thomas A. did not inform Plaintiff that he was

21   accused of rape.  Id.  Plaintiff states that he was not allowed to see reports of the claims against

22   him, or to give a full statement denying the allegations.  Id.

23                     Claims Against Defendant Romero

24              Plaintiff states that Defendant Romero did not do a proper investigation into

25   Plaintiff's criminal case.  See id. at 5.  According to Plaintiff, Defendant Romero never

26   interviewed him, only read one police report, and did not account for Plaintiff's medical condition

27   and possible inability to understand his situation.  Id.  He also did not provide Plaintiff with files

28   Plaintiff requested in 2019 and 2021, well after Plaintiff's conviction.  Id.  Plaintiff claims that on

                                               2

1  March 20, 2018, Defendant Romero coerced him into signing a guilty plea agreement.  Id. at

2  addendum, pg. 4.  This included telling Plaintiff that he had no chance to win and would "'never

3  see [his] children without glass between [them] or walk on pavement again.'"  Id.  Plaintiff states

4  that he would not have been signed the plea if not for these representations by his counsel.  See

5  id.

6               Claims Against Defendants Perin and Johnson:

7               Plaintiff states that he was treated prejudicially by Defendants Perin and Johnson.

8  He says that he sent exculpatory text messages, and his account of the events leading to his arrest

9  to Defendant Perin.  Id. at addendum, pg. 6.  Defendant Perin told Plaintiff that the new evidence

10  provided was insufficient to necessitate further post-conviction review; Plaintiff's other

11  communications to Defendant Perin were ignored.  Id.  No specific facts are alleged against

12  Defendant Johnson.

13

14                           **II.  DISCUSSION**

15               Plaintiff has alleged five main claims, which are nearly identical to those in his

16  original complaint.  Compare ECF Nos. 1, 16.  As with the original complaint, Plaintiff currently

17  alleges: (1) indifference to his medical needs, (2) ineffective assistance of counsel, (3) failure to

18  have been notified of charges against him, (4) failure to allow him to pursue post-conviction

19  relief, and (5) that he entered an involuntary or unknowing plea.  See id.  On June 15, 2022, the

20  Court addressed the sufficiency of Plaintiff's original complaint, and found that Plaintiff's

21  medical claim against Defendant Thomas A. could proceed, but that the remaining claims were

22  subject to dismissal.  See ECF No. 12.  Plaintiff was provided an opportunity to file a first

23  amended complaint addressing, if possible, deficiencies identified in the June 15, 2022, order.

24  See id.

25               Because the Court finds that Plaintiff's first amended complaint does not cure the

26  defects noted in the prior order, the Court now recommends dismissal of all claims except

27  Plaintiff's medical claim against Defendant Thomas A., which by separate order issued herewith

28  the Court determines is appropriate for service by the United States Marshal.

                                    3

**A. Claim Related to Post-Conviction Relief**

Plaintiff alleges that Defendant's Perin and Johnson treated him prejudicially when declining to follow up on his claims of new evidence, in essence denying him access to post-conviction relief.  See ECF No. 16, addendum, pg. 6.

Due process does not require that "certain familiar preconviction trial rights be extended to protect [a] postconviction liberty interest.  DA's Office v. Osborne, 557 U.S. 52, 68 (2009).  The states may decide "what procedures are needed in the context of postconviction relief."  Id. at 69.  "'[W]hen a State chooses to offer help to those seeking relief from convictions,' due process does not 'dictat[e] the exact form such assistance must assume.'"  Id. (quoting Pennsylvania v. Finley, 481 U.S. 551, 559 (1987)).  This includes no "liberty interest in traditional state executive clemency."  Id. at 67-68.  It is also "well settled that there is no constitutional right to appeal."  Abney v. United States, 431 U.S. 651, 656 (1977) (citing McKane v. Durston, 153 U.S. 684 (1984)).  Plaintiff may "have a liberty interest in demonstrating his innocence under state law."  Osborne, 557 U.S. at 68.  There may be a state avenue to post-conviction relief in this regard, and Plaintiff may challenge that relief as inconsistent with "'any recognized principle of fundamental fairness'" Id. at 70 (quoting Medina v. California, 505 U.S. 437, 448 (1992)).

Plaintiff does not challenge the adequacy of any state process for post-conviction relief as fundamentally unfair.  Therefore, his claim is effectively that Defendants are denying some avenue of post-conviction relief to which Plaintiff is entitled.  Because 42 U.S.C. § 1983 only provides relief for constitutional violations, and there is no constitutional right to any particular form of post-conviction relief, Plaintiff has not stated a cognizable claim against Defendants Perin and Johnson.

**B. Relationship of Certain Claims to Habeas Corpus**

Plaintiff also asserts claims which appear to relate to his underlying conviction.  In the June15, 2022 order, the Court indicated that these claims were likely barred under the favorable termination rule of Heck v. Humphrey, 512 U.S. 477, 483-84 (1994).  See ECF No. 12. As discussed below, the Court finds that Plaintiff's first amended complaint does not alter the

4

1  prior analysis.

2          When a state prisoner challenges the legality of his custody and the relief he seeks

3  is a determination that he is entitled to an earlier or immediate release, such a challenge is not

4  cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ

5  of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda,

6  131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir.

7  1995) (per curiam).  Thus, where a § 1983 action seeking monetary damages or declaratory relief

8  alleges constitutional violations which would necessarily imply the invalidity of the prisoner's

9  underlying conviction or sentence, or the result of a prison disciplinary hearing resulting in

10  imposition of a sanction affecting the overall length of confinement, such a claim is not

11  cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by

12  habeas petition, or through some similar proceeding.  See Heck v. Humphrey, 512 U.S. 477, 483-

13  84 (1994) (concluding that § 1983 claim not cognizable because allegations were akin to

14  malicious prosecution action which includes as an element a finding that the criminal proceeding

15  was concluded in plaintiff's favor).

16          As with the original complaint, the first amended complaint appears to allege

17  violations of his rights to be informed of charges against him, to the effective assistance of

18  counsel, and to a knowing and voluntary plea.

19                    Right to be Informed of Charges Against Him

20          Plaintiff claims that Defendant Thomas A., a Yuba County jail officer, did not

21  inform Plaintiff of a rape allegation against him during a police interview.  See ECF No. 16, pg.

22  4.  Criminal defendants have a constitutional right "to be informed of the nature and cause of the

23  accusation" against them.  U.S. Const. amend. VI.  Assuming that this right attached at the time

24  of the interview with Defendant Thomas A., the failure to inform Plaintiff of the charges

25  constituted a constitutional violation necessarily implying the invalidity of the criminal

26  conviction.  As a result, the claim is Heck-barred.  To the extent the right had not attached at the

27  time of the police interview with Defendant Thomas A., Plaintiff has not alleged a constitutional

28  or statutory violation to support a cognizable civil rights claim under § 1983.

1              Ineffective Assistance of Counsel:

2              Plaintiff claims that Defendant Romero, his public defender, provided ineffective

3    assistance of counsel.  Specifically, Plaintiff alleges that Defendant Romero failed to conduct a

4    sufficient investigation into Plaintiff's case and coerced him into a plea agreement.  See ECF No.

5    16, 5.  The Sixth Amendment guarantees effective assistance of counsel and taking the factual

6    allegations in Plaintiff's complaint as true, his constitutional rights were violated and Plaintiff's

7    underlying conviction is invalid.  Because success on Plaintiff's claim would necessarily

8    invalidate the underlying conviction, it is also Heck-barred.

9              Involuntary or Unknowing Plea:

10             Throughout his complaint, Plaintiff states that for the myriad reasons, including his

11   injury, his unawareness of the charges against him, and his ineffective representation by counsel,

12   he entered an involuntary or unknowing plea.  Guilty pleas made due to "ignorance,

13   incomprehension, coercion . . . or threats are invalid.  Boykin v. Alabama, 395 U.S. 238, 242-243

14   (1969).  Again, if Plaintiff were to successfully show that his plea was involuntary due to

15   coercion by counsel, ignorance of charges against him, or incomprehension due to injury, it

16   would necessarily mean the invalidity of Plaintiff's underlying conviction.  Therefore, this claim

17   is Heck-barred as well.

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

### III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, Plaintiff is not entitled to further leave to amend prior to dismissal of the deficient claims.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that this action proceed on the first amended complaint as to Plaintiff's medical claim against Defendant Thomas A. only and that all other claims and defendants be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 3, 2022

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE