1

2

3

4

5

6

7

8              **IN THE UNITED STATES DISTRICT COURT**

9              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   JASON CHARLES KOPP,                          No.  2:22-CV-0282-TLN-DMC-P

12              Plaintiff,

13        v.                                       ORDER

14   THOMAS A., et al.,

15              Defendants.

16

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983.  Pending before the Court is Plaintiff's motion for the appointment of counsel,

19   ECF No. 31.

20          The United States Supreme Court has ruled that district courts lack authority to

21   require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist.

22   Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the

23   voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935

24   F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

25   A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success

26   on the merits and the ability of the plaintiff to articulate his claims on his own in light of the

27   complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is

28   dispositive and both must be viewed together before reaching a decision.  See id.  In Terrell, the

                                                    1

1   Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment

2   of counsel because:

> Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim.  The facts he alleged and the issues he raised were not of substantial complexity.  The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

> Id. at 1017.

7        In the present case, the Court does not at this time find the required exceptional

8   circumstances.  Plaintiff fails to argue that appointment of counsel is warranted because he is

9   unable to articulate his claims on his own due to the complexity of the legal issues in dispute or

10  that there is a likelihood of success on the merits.  See ECF No. 31, pgs. 1-7.  Plaintiff pleads the

11  Court "to allow [him] [his] right to fair and proper counsel" and to "[p]lease grant [him] an

12  attorney as [he] cannot afford one."  Id., pg. 2.  However, Plaintiff fails to provide any factual

13  support regarding extraordinary need.  Id. Thus, Plaintiff has failed to satisfy the standard set

14  forth in Terrell.

15       Plaintiff's stated circumstances such as the inability to afford counsel are common

16  to almost all prisoners and, as such, not extraordinary.  A review of the filings to date indicates

17  that Plaintiff can articulate his claims on his own, which are neither factually nor legally complex,

18  inasmuch as he independently prepared and filed a civil rights complaint, motion to proceed in

19  forma pauperis, submitted several letters and notices to the Court, and requested the assistance of

20  counsel.  Further, at this stage of the proceedings before discovery, it cannot be said that Plaintiff

21  has established a particular likelihood of success on the merits.  Exceptional circumstances

22  warranting the appointment of counsel do not currently exist.

23       Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for the

24  appointment of counsel, ECF No. 31, is denied.

25

26   Date: 12/09/2022

27                                                    DENNIS M. COTA
                                                     UNITED STATES MAGISTRATE JUDGE
28

2