1

2

3

4

5

6

7

8 **IN THE UNITED STATES DISTRICT COURT**

9 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11 JASON CHARLES KOPP,                          No.  2:22-CV-0282-TLN-DMC-P

12              Plaintiff,

13       v.                                    FINDINGS AND RECOMMENDATIONS

14 THOMAS A.,

15              Defendant.

16

17          Plaintiff, who is proceeding pro se, brings this civil rights action pursuant to 42

18 U.S.C. § 1983.

19          On June 6, 2023, the Court directed Plaintiff to show cause why this action should

20 not be dismissed for failure to prosecute by way of default proceedings against the only remaining

21 defendant, Thomas A., who has waived service but not responded to the complaint.  See ECF No.

22 43.  As of July 24, 2023, Plaintiff had not complied, and the Court issued findings and

23 recommendations that this case be dismissed for lack of prosecution.  See ECF No. 47.

24          Plaintiff filed objections on August 17, 2023.  See ECF No. 48.  On January 23,

25 2024, the Court vacated the July 24, 2023, findings and recommendations and granted Plaintiff

26 additional time to initiate default proceedings.  See ECF No. 50.  Specifically, Plaintiff was

27 directed to initiate default proceedings within 30 days of the January 23, 2024, order.  See id.

28 Plaintiff filed a notice of change of address on March 26, 2024, and the January 23, 2024, order

1   was re-served on Plaintiff at his new address.  To date, more than 30 days have elapsed since the

2   order was re-served on Plaintiff on March 26, 2024, and Plaintiff has not complied by initiating

3   default proceedings against Defendant Thomas A.

4          The Court must weigh five factors before imposing the harsh sanction of dismissal.

5   See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal

6   Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are: (1) the public's interest in

7   expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of

8   prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits;

9   and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran, 46 F.3d 52,

10  53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an appropriate

11  sanction is considered a less drastic alternative sufficient to satisfy the last factor.  See Malone,

12  833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is appropriate where

13  there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.

14  1986).  Dismissal has also been held to be an appropriate sanction for failure to comply with an

15  order to file an amended complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.

16  1992).

17         Having considered these factors, and in light of Plaintiff's failure to respond to the

18  Court's order to show cause or prosecute this case, dismissal of this action is appropriate.

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

Based on the foregoing, the undersigned recommends that this action be dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and orders.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 3, 2024

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3